# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON G. VOGEL<br>1278 Glenneyre St.<br>Suite #300<br>Laguna Beach, CA 92651<br><br>   Plaintiff,<br><br> v.<br><br>THE GO DADDY GROUP, INC.<br>an Arizona Corporation d/b/a GoDaddy.com<br>14455 N Hayden Rd<br>Suite #219<br>Scottsdale, AZ 85260;<br><br>and<br><br>JOHN DOE 1, an unknown individual; JOHN DOE 2, an unknown individual; JOHN DOE 3, an unknown individual; and JOHN DOE 4, an unknown individual,<br><br>   Defendants. | **COMPLAINT IN DEFAMATION FOR INJUCTIVE RELIEF AND FOR MONETARY JUDGMENT**<br><br><br><br>Civil No. _____<br><br><br><br><br><br>PLAINTIFF DEMANDS A TRIAL BY JURY |

## COMPLAINT

**NOW COMES** Plaintiff Jason G. Vogel, by and through his attorneys, Bar-Adon & Vogel, PLLC, and for his Complaint against Defendants The Go Daddy Group, Inc.; John Doe 1; John Doe 2; John Doe 3; and John Doe 4; states as follows:

## PARTIES

1. Jason Vogel ("Mr. Vogel") is an individual who resides in Laguna Beach, California. Mr. Vogel owns and manages residential properties throughout the United States, including in Washington, DC, New Mexico, and California.

2. Defendant The Go Daddy Group, Inc. ("GoDaddy") is a publicly traded Internet domain registrar and web hosting company incorporated in Delaware and

1

headquartered in Arizona. GoDaddy does extensive business in Washington, DC.

3. As detailed below, Defendant John Doe 1 has posted tortious and defamatory statements about Mr. Vogel on the internet website www.TheRealJasonVogel.com (hereinafter the "Gripe Site"), in a flyer disseminated throughout Mr. Vogel's neighborhood, on Facebook, and on Twitter. John Doe 1's identity, residence, and citizenship are unknown at this time. Mr. Vogel intends to seek immediate discovery from Defendant website host GoDaddy, and also from non-defendants www.Facebook.com, and www.Twitter.com to determine the identity of John Doe 1.

4. As detailed below, Defendant John Doe 2 has posted tortious and defamatory statements about Mr. Vogel on the Gripe Site, in a flyer disseminated throughout Mr. Vogel's neighborhood, on Facebook, and on Twitter. John Doe 2's identity, residence, and citizenship are unknown at this time. Mr. Vogel intends to seek immediate discovery from Defendant website host GoDaddy, and also from non-defendants www.Facebook.com, and www.Twitter.com to determine the identity of John Doe 2.

5. As detailed below, Defendant John Doe 3 has posted tortious and defamatory statements about Mr. Vogel on the Gripe Site, in a flyer disseminated throughout Mr. Vogel's neighborhood, on Facebook, and on Twitter. John Doe 1's identity, residence, and citizenship are unknown at this time. Mr. Vogel intends to seek immediate discovery from Defendant website host GoDaddy, and also from non-defendants www.Facebook.com, and www.Twitter.com to determine the identity of John Doe 3.

6. As detailed below, Defendant John Doe 4 has posted tortious and defamatory statements about Mr. Vogel on the Gripe Site, in a flyer disseminated throughout Mr. Vogel's neighborhood, on Facebook, and on Twitter. John Doe 4's identity, residence, and citizenship are unknown at this time. Mr. Vogel intends to seek immediate discovery from Defendant website host GoDaddy, and also from non-

defendants www.Facebook.com, and www.Twitter.com to determine the identity of John Doe 4.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction because Mr. Vogel's cause of action arose in Washington, D.C., where a large number of the properties discussed on the Gripe Site are located. Mr. Vogel has suffered, is suffering, and will continue to suffer harm and original injury from Defendants' tortious conduct in Washington, DC and elsewhere. Mr. Vogel has a place of business and/or conducts business in Washington DC, and a significant portion of Defendants' defamatory websites focus on Mr. Vogel's Washington, DC properties. In addition, Defendant Doe's 1-4 caused a physical trespass to occur on Mr. Vogel's properties so that they could photograph the properties for use in their defamatory publications. Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in Washington D.C.

8. This Court also has subject matter jurisdiction because the amount in controversy exceeds $75,000 exclusive of interest and costs, and is between citizens of different states, per 28 U.S.C. § 1332(a).

## FACTUAL ALLEGATIONS

9. In early 2016, John Does 1, 2, 3 and 4 ("Defendants") created the Gripe Site titled "The Real Jason Vogel: The Dirt Road to Nowhere," with the subheading "The Slumlord?"

10. The website is hosted by The Go Daddy Group, Inc., at www.godaddy.com.

11. The website states that it is "proudly powered by WordPress," and that the "Theme Toivo Lite" is by Foxland.

12. Defendant Does 1-4 do not identify themselves on the website.

3

13. Defendant Does 1-4's gripe site contains false and defamatory information about Mr. Vogel.

14. Among a myriad of other accusations, the website falsely states that "If we take a look at Jason Vogel's properties we see a man hell-bent on pinching every penny possible. His properties have received **ZERO** improvements in the past decade. That's right, 10 years with not a finger lifted to improve the living standards of his tenants." A true and correct copy of the gripe site is attached hereto as **Exhibit A**.

15. Defendant Does 1-4, by and through the Gripe Site falsely accuse Mr. Vogel of being a "penny-pinching" "slum-lord."

16. Defendant Does 1-4 falsely accuse Mr. Vogel of performing a "forced eviction, without having to actually evict on paper."

17. Defendant Does 1-4 posted a threat to Mr. Vogel on the aforementioned website, stating "Vogel, Vogel, Vogel. You made this way too easy. *More to come if needed...*" (Emphasis added.)

18. Defendant Does 1-4 continued to defame Mr. Vogel after the Gripe Site was published. On or about July 1, 2016, Defendants John Does 1-4 posted numerous flyers in the vicinity of Mr. Vogel's family home with a photo of Mr. Vogel and a large heading reading "I want to rip you off." The flyer also promoted the aforementioned defamatory website, stating "Check me out at: www.TheRealJasonVogel.com"

19. The defamatory fliers were posted throughout Mr. Vogel's neighborhood, on telephone poles on Mr. Vogel's street for miles, and along an approximately one-mile stretch of Pacific Coast Highway. A true and correct copy of a photograph of one of the fliers is attached as **Exhibit B.**

20. The defamatory fliers were also posted outside of Mozambique Restaurant, a location where Mr. Vogel frequently takes clients. In addition, Mr. Vogel has performed charity work with the owner of Mozambique Restaurant.

21. On or about July 21, 2016, Mr. Vogel noticed that the Gripe Site contained links to accompanying web pages on www.facebook.com, at url https://www.facebook.com/RealJasonVogel/, and on www.twitter.com, at url https://twitter.com/realjasonvogel. These web pages are attached hereto as **Exhibit C** and **Exhibit D**.

22. The websites in Exhibit C make false and defamatory statements about Mr. Vogel, mirroring statements found on the Gripe Site. Such false statements include, but are not limited to, false accusations that Mr. Vogel illegally evicted tenants, performed literally no maintenance on any of his properties for years, made no improvements on any property in a decade.

23. The Facebook and Twitter pages repeatedly refer to Mr. Vogel as a "slum lord," and state that Mr. Vogel loves, and approves of, mold and trash on his properties. Repeated links on both websites refer readers to the gripe site.

24. Defendant Does 1-4 made the false and defamatory statements to damage Mr. Vogel's reputation, to cause him emotional distress, and to cause him financial harm.

25. The Gripe Site, the aforementioned Facebook page, the aforementioned Twitter page, and the defamatory fliers have in fact damaged Mr. Vogel's reputation, caused him emotional distress, and damaged his earnings.

## COUNT I – DEFAMATION
### Against Doe Defendants 1-4

26. Mr. Vogel reasserts and incorporates by reference the foregoing allegations as if fully set forth here.

27. Defendants made false and defamatory statements concerning Mr. Vogel in Exhibits A, B, C and D.

28. Defendants published and communicated those false and defamatory statements concerning Mr. Vogel to third parties without privilege or authorization.

29. Defendants acted with fault amounting to at least negligence in publishing defamatory statements concerning Mr. Vogel.

30. Defendants' statements concerning Mr. Vogel are defamatory per se.

31. As a result of Defendants' false and defamatory statements concerning Mr. Vogel. Mr. Vogel suffered and will continue to suffer damage, including economic damages, damages to his reputation, and/or damage to his current and prospective business relations.

## COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### Against Doe Defendants 1-4

32. Mr. Vogel reasserts and incorporates by reference the foregoing allegations as if fully set forth here.

33. Mr. Vogel has valid business relationships and business expectancies with his current and prospective tenants, business partners, employees, and friends, among others.

34. Defendants knew or should have known of Mr. Vogel's valid business relationships and business expectancies at all relevant times hereto.

35. Defendants intentionally interfered with Mr. Vogel's valid business relationships and expectancies by intentionally making defamatory statements concerning Mr. Vogel and/or by intentionally making statements unjustified in law with malice for the purpose of invading Mr. Vogel's business relationships and business expectancies, and inducing or causing a breach or termination of Mr. Vogel's business relationships and business expectancies.

36. As a result of Defendants' intentional interference with Mr. Vogel's valid business relationships and business expectancies, Mr. Vogel has suffered and will continue to suffer damage, including economic damages, damages to his reputation, and/or damage to his current and prospective business relations.

## COUNT III – FALSE LIGHT
### Against Doe Defendants 1-4

37. Mr. Vogel reasserts and incorporates by reference the foregoing allegations as if fully set forth here.

38. Defendants' statements posted on the Gripe Site and in the flyers placed around Mr. Vogel's family home placed Mr. Vogel before the public in a false light.

39. Defendants' statements posted on the aforementioned website and on the aforementioned flyers are "highly offensive to a reasonable person."

40. Defendants are at fault and knew, or were reckless, as to the falsehood of their statements above.

41. As a direct and proximate result of Defendants' aforementioned statements, Mr. Vogel has been and will continue to be damaged and injured in his character and reputation.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against Doe Defendants 1-4

42. Mr. Vogel reasserts and incorporates by reference the foregoing allegations as if fully set forth here.

43. Defendants, by and through the making of such false, defamatory, and libelous statements, behaved intentionally and/or recklessly.

44. Defendants, by and through the making of such false, defamatory, and libelous statements, intended to cause emotional distress upon Mr. Vogel.

45. The placing of flyers by plaintiff's residence was intended to not only defame him, but also to intimidate him, by demonstration that Doe Defendants were aware where he and his family reside, and that they are free to defame him within close proximity of his home.

46. Defendants also intended to cause emotional distress upon Mr. Vogel by including an

implicit threat to Mr. Vogel's safety on the aforementioned Gripe Site.

47. The making of such false, threatening, defamatory, libelous, and threatening statements by Defendants was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

48. Mr. Vogel has suffered, and continues to suffer severe emotional distress and emotional injury.

49. Defendants' aforementioned actions were the direct and proximate cause of such severe emotional distress and emotional injury to Mr. Vogel.

50. Mr. Vogel suffered and continues to suffer mental anguish as a result of being threatened, defamed, and libeled by Defendants, and said mental anguish is of a nature than no reasonable person could be expected to endure.

## COUNT V – TRESPASS
### Against Doe Defendants 1-4

51. Mr. Vogel reasserts and incorporates by reference the foregoing allegations as if fully set forth here.

52. Defendant Doe's 1-4, either directly or through their agents, did physically enter upon property owned and possessed by Mr. Vogel for the purpose of taking pictures of Mr. Vogel's properties.

53. This intrusion was unlawful, without the consent of Mr. Vogel, and interfered with the possessory interests of Plaintiff in the aforesaid properties.

## COUNT VI – PRELIMINARY AND PERMANENT INJUCTION
### Against all Defendants

54. Mr. Vogel reasserts and incorporates by reference the foregoing allegations as if fully set forth here.

55. Upon information and belief some or all of the improper and unlawful conduct of Defendants alleged above is continuing and will continue in the future absent injunctive relief from the Court, and Mr. Vogel will continue to be damaged by the same.

56. In the absence of the entry of a preliminary and permanent injunction by the Court, Mr. Vogel will suffer serious and irreparable harm and injury, including but not limited to damage to his reputation.

57. The entry of a preliminary and permanent injunction will not unduly harm or burden Defendants because they are required as a matter of law to refrain from disseminating defamatory and threatening statements regarding Mr. Vogel.

58. Public policy favors the entry of a preliminary and permanent injunction because, *inter alia*, such relief will prevent unlawful conduct and will preserve and protect Mr. Vogel's reputation.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Mr. Vogel demands judgment from Doe Defendants 1-4 as follows:

A. For an entry requiring Defendants to post a retraction of all of the false and defamatory statements published by Defendants.

B. For an entry of a Preliminary and Permanent Injunction ordering Defendants to post no more defamatory flyers, in any location, regarding Mr. Vogel.

C. For compensatory damages in excess of $1,000,000.00.

D. For punitive damages.

E. For costs, interest, and attorneys' fees; and

**WHEREFORE,** Mr. Vogel demands judgment from all Defendants as follows:

A. For an entry of a Preliminary and Permanent Injunction ordering Defendants GoDaddy, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 to remove the false, threatening, and defamatory statements regarding Mr. Vogel published by

Defendants.

B. To order Defendant GoDaddy to transfer full control of the URL www.TheRealJasonVogel.com, to Mr. Vogel.

C. To Order Defendant Does 1-4 to transfer full control of the social media accounts https://www.facebook.com/RealJasonVogel/, and https://twitter.com/realjasonvogel, to Mr. Vogel.

D. For any other relief that this Court deems just and appropriate.

### JURY DEMAND

Plaintiff Jason Vogel demands a trial by jury on all issues so triable under Counts I-V in this action.

DATED: August 5, 2016

Respectfully Submitted,

By: _____
Kenneth Vogel, Esq.
Bar-Adon & Vogel, PLLC
DC Bar #: 413407
1642 R St. NW
Washington, DC 20009
Tel: (202) 332-7323
Fax: (202) 332-7326
kavogel@metrolegalsolutions.com
Attorneys for Plaintiff
JASON G. VOGEL