UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JASON VOGEL | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16-cv-01598-APM |
| | ) | |
| v. | ) | The Honorable Amit Mehta |
| | ) | |
| THE GO DADDY GROUP, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOE 1, an unknown | ) | |
| individual; JOHN DOE 2, an | ) | |
| unknown individual; JOHN DOE 3, | ) | |
| an unknown individual; and | ) | |
| JOHN DOE 4, an unknown | ) | |
| individual, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS**

Plaintiff Jason Vogel, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 4(m), respectfully moves this Court to grant him an additional 90 days to serve the Doe Defendants in the underlying lawsuit.  This is a suit for defamation.  The Plaintiff is making painstaking and diligent efforts to identify the John Doe Defendants through discovery.  While Plaintiff has made good progress, he has not yet identified the Doe Defendants because determining the identity of the Defendants requires a difficult multi-stage electronic discovery process.  If provided more time, Plaintiff believes that he can determine the true identities of the Defendants and seek the justice to which he is entitled.

**I.     PLAINTIFFS CAN SHOW GOOD CAUSE AS TO WHY THEY HAVE
        FAILED TO SERVE DEFENDANTS AND CONSEQUENTLY SHOULD BE**

1

**<u>GRANTED MORE TIME TO EFFECT SERVICE PURSUANT TO FEDERAL</u>**

**<u>RULE OF CIVIL PROCEDURE 4(M)</u>**

Federal Rule of Civil Procedure 4(m) states that if a defendant is not served within 90 days after the complaint is filed, the court should dismiss the action. However, Rule 4(m) goes on to state that "if plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period."

Here, the circumstances of this lawsuit warrant an extension within the intent of Rule 4(m). The plaintiff is now using discovery to determine the identity of the John Doe Defendants. Because discovery has not yet yielded the names and true identities of the Doe Defendants, Plaintiff pleads for the Court to allow him more time, and to extend the deadline for service of the Doe Defendants. Plaintiff does not oppose the Court dismissing Co-Defendant The GoDaddy Group, Inc. ("GoDaddy") pursuant to Rule 4(m).

The District of Columbia Circuit court recognizes suits against John Doe defendants "in situations where the otherwise unavailable identity of the defendant will eventually be made known through discovery." *Newdow v. Robert*, 603 F.3d 1002, 1010-11 (D.C. Cir. 2010). The circumstances of *Newdow* apply in this matter.

Here, Plaintiff was seriously damaged when the Doe Defendants maliciously created false and defamatory web pages about him. The Doe Defendants also posted defamatory fliers around his family's home. As detailed in Plaintiff's Complaint, the Doe Defendants used fictitious identifying information. Plaintiff, along with a team experienced in electronic discovery, is working diligently to identify the Doe Defendants. However, the discovery process takes a significant amount of time because the Doe Defendants went to great lengths to conceal their identities. For example, the Doe Defendants created a fictitious email account called therealjasonvogel@gmail.com  They then used this fictitious e-mail address to transact business with a company called domainsbyproxy.com. The Doe Defendants also purchased a burner phone to transact business with domainbyproxy.com. The Doe Defendants then instructed domaninsbyproxy.com to register and purchase www.therealjasonvogel.com from GoDaddy.

Now, Plaintiff merely seeks more time to continue this important first phase of discovery to determine the true names and whereabouts of the Doe Defendants.

## II.     CONCLUSION

For the foregoing reasons, plaintiff respectfully urges the Court to grant him an additional ninety (90) days to serve Defendants in this matter.

DATED: November 3, 2016

Respectfully Submitted,

Bar-Adon & Vogel, PLLC

By:     */Kenneth A. Vogel/*
Kenneth Vogel, Esq.
DC Bar No. 413407
1642 R St. NW
Washington, DC 20009
TEL  (202) 332-7323
FAX (202) 332-7326
kavogel@metrolegalsolutions.com
Attorneys for Plaintiff
JASON VOGEL