UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON G. VOGEL,                      )
                                     )
            Plaintiff,               )
                                     )
      v.                             )          No. 1:16-cv-01598-APM
                                     )
THE GO DADDY GROUP and               )
JOHN DOES 1 - 4,                     )
                                     )
            Defendants.              )

**[PROPOSED] AMICUS BRIEF OF
FRIEDMAN + TAITELMAN LLP
IN OPPOSITION TO MOTION FOR EXTENSION OF TIME
AND SUGGESTING DISMISSAL FOR LACK OF JURISDICTION**

Plaintiff Jason Vogel, a Los Angeles real estate entrepreneur, filed this suit alleging state law claims for defamation and related torts based on a web page, Facebook page, and Twitter account that are maintained anonymously by the Doe defendants, and whose contents are said to be motivated by a land use dispute in which Vogel is engaged in Los Angeles.  Plaintiff has used the complaint to issue dozens of Rule 45 subpoenas to multiple third party witnesses — most of them in California — seeking to identify his anonymous critics whose location he says he does not know.

There was no basis for filing in this Court.  Plaintiff alleged diversity jurisdiction based on naming an Arizona company, GoDaddy, as a defendant because it allegedly hosts a defamatory web page.  D.C. Circuit authority, however, both recognizes that GoDaddy is immune from Vogel's claims and bars reliance on diversity jurisdiction as a basis for suing Doe defendants.  Plaintiff's allegations of personal jurisdiction over the Doe defendants are also highly suspect.

Consequently, the Court is urged by amicus curiae — a Los Angeles law firm that is one of the many California non-parties that have been subjected to plaintiff's discovery campaign – to deny

plaintiff more time to pursue discovery and, indeed, to dismiss this action for lack of jurisdiction. If plaintiff wishes to pursue his claims in an appropriate state court, and to use that court's discovery powers to pursue his quest to identify his critics, he will still be able to do so.[1]

**STATEMENT**

The complaint, Docket Item No. 1 ("DN 1") alleges that plaintiff Jason Vogel lives in Laguna Beach, California, but operates a real estate business in various parts of the United States, including California but also Washington, D.C.  *Id.* ¶ 1.  It alleges that an Internet gripe site about Vogel, located at therealjasonvogel.com and entitled "The Real Jason Vogel: The Dirt Road to Nowhere," as well as a Facebook page and a Twitter account, all named "The Real Jason Vogel," falsely accuse Vogel of being a slumlord and make various specific statements about how Vogel maintains properties and treats tenants, as well as asserting that Vogel revels in the poor quality of some of his properties.  *Id.* ¶¶ 9, 13-16, 21-23.  The complaint also claims that flyers and posters containing these accusations were disseminated in California near Vogel's home.  *Id.* ¶¶ 18-20.  The complaint alleges that four Doe defendants authored and disseminated both the web pages and the hard copy flyers.  *Id.* ¶¶ 3-6.

The complaint alleges only state-law claims, for defamation and several closely related torts (tortious interference with business relations, false light, and intentional infliction of emotional distress), as well as trespass (on the ground that some photographs were obtained by entering Vogel's property).  The complaint asserts subject matter jurisdiction on diversity grounds, *id.* 1 ¶¶ 1, 2, and 8, but does not specifically allege the citizenship of the Doe defendants; it does allege that

---

[1]Proposed amicus is a Los Angeles law firm that is not subject to personal jurisdiction in D.C. In the event that plaintiff wishes to enforce its subpoena to amicus, amicus stands on its right under Rule 45(d)(2)(B)(i) to defend such a motion in the Central District of California.

the gripe site "therealjasonvogel.com" is hosted by GoDaddy and that GoDaddy is a Delaware corporation headquartered in Arizona. *Id.* ¶¶ 2, 10.  The complaint asserts personal jurisdiction in the District of Columbia on the ground that some of Vogel's properties discussed on the web site are located here, *id.* ¶ 7; but the complaint does not allege either that any false statements have been made about the DC properties or that any trespass took place in the District of Columbia.  The only substantial connection between this case and the District of Columbia is the happenstance that Jason Vogel's brother Kenneth Vogel has a law office here and has filed the complaint on Vogel's behalf. *Id.* at 10.

After filing the complaint, plaintiff apparently communicated with GoDaddy and obtained its agreement that plaintiff could commence early discovery, DN 4 at 1; there is no indication that plaintiff conducted a discovery conference with the "parties" (that is, the Doe defendants) as required by Rule 26(f).  Plaintiff then began issuing Rule 45 subpoenas to GoDaddy and to various Internet Service Providers ("ISPs") in California seeking to identify the Doe defendants.  DN 4 at 2. Defendant has apparently received responses to several subpoenas but objections to several others; some of the responses objected that plaintiff had never obtained authority from the Court to take early discovery.  DN 5 at 2-3.  Plaintiff then moved ex parte for permission to begin discovery to identify the Does, DN 5, without submitting any proof supporting his claims on the merits or, for that matter, supporting jurisdiction.  The Court signed plaintiff's proposed order, DN 6, and plaintiff promptly broadened the targets of his subpoenas.  He has now filed three separate motions for extensions of time to serve the Doe defendants, but not a single one of these motions provided evidence or legal argument supporting his claims of subject matter jurisdiction or personal jurisdiction, nor has he provided any affidavits showing an evidentiary basis for his claims.  And his

most recent motion for an extension of time, filed on March 20, 2017, DN 7, provided good reason to doubt the existence of both personal and subject matter jurisdiction, because this brief indicates that plaintiff believes that many of his anonymous detractors live in California.   This brief also identifies a number of the persons whom plaintiff has subpoenaed; the attached affidavit of Sean Hardy identifies more than two dozen subpoenas, most of them in California, that are believed to have been issued on this Court's authority.

Under the Court's local rules, opponents of the latest motion for an extension of time had until April 3 to file a response to that motion.  Although the Court has now ruled on the motion without waiting for possible responses, the Court is asked to accept this amicus brief as submitted timely in response to the motion, and to revisit the propriety of further discovery accordingly.

### ARGUMENT

Plaintiff should not be given more time to impose on amicus or, indeed, any of the other third-party witnesses to whom he has directed subpoenas because this Court lacks jurisdiction, and plaintiff has not made either the allegations or the showings that he would need to justify his discovery.

First, this court lacks subject matter jurisdiction.  The complaint alleges only state-law causes of action, and alleges jurisdiction based on diversity of citizenship.  Plaintiff does allege that his citizenship is diverse from GoDaddy, but that diversity does not matter for two reasons.  First, the claim against GoDaddy is legally frivolous: section 230 bars suit against an ISP for hosting tortious content provided by another.  *Klayman v Zuckerberg,* 753 F.3d 1354, 1357-1359 (D.C. Cir. 2014); *Blumenthal v. Drudge*, 992 F. Supp. 44 (D.D.C. 1998).  Indeed, perhaps because his counsel learned of the impropriety of these claims while "conferring" with GoDaddy about early discovery, Vogel's

first motion for an extension of time effectively invited the Court to dismiss GoDaddy as a party from this action under Rule 4(m).  Moreover, diversity must be complete – there cannot be any persons of like citizenship on both sides of the case, *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267 (1806). "[W]here more than one plaintiff sues more than one defendant and the jurisdiction rests on diversity of citizenship, each plaintiff must be capable of suing each defendant." 13E Wright, Miller & Cooper, *Federal Prac. & Proc.: Jurisdiction* § 3605, at 189-205 (3d ed. 2009).

Thus, even if Vogel had a non-frivolous claim against GoDaddy, the remaining defendants are Does, whose citizenship is **at best** unknown.  However, "the essential elements of diversity jurisdiction must be alleged in the pleadings," *Id.* § 3602.1, at 77-79 (3d ed. 2009); *Brown v. Keene*, 33 U.S. (8. Pet.) 112 (1834), and as a result it is well-established, in this district and elsewhere, that a diversity claim cannot be brought against Doe defendants. *Menzies v. Doe*, 194 F.3d 174 (D.C. Cir 1999) (mem.); *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997); *Sinclair v. TubesockTedD*, 596 F. Supp.2d 128, 133 (D.D.C. 2009); *McMann v. Doe*, 460 F.Supp.2d 259, 264 (D. Mass. 2006); *Meng v. Schwartz*, 305 F. Supp.2d 49 (D.D.C. 2004);  *Stephens v. Halliburton Co.*, 2003 WL 22077752, at \*5 (N.D. Tex. Sept. 5, 2003).  *See also Lee v. Airgas Mid-S.*, 793 F.3d 894, 899 (8th Cir. 2015).  As Judge Bates said in *Sinclair,* "The law is clear . . . that a diversity action cannot be brought against Doe defendants in hopes of later discovering that the requisite diversity of citizenship actually exists."  596 F. Supp.2d at 132-133.

Moreover, once a challenge has been raised, plaintiff has the burden of showing the existence of subject matter jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Gibbs v. Buck*, 307 U.S. 66, 72 (1939). Here, not only does the complaint not plead complete diversity, but several of the complaint's allegations strongly suggest that some of the Does live in California.  Paragraphs 18

and 19 allege the Doe defendants posted flyers in the vicinity of Vogel's Laguna Beach home; paragraph 20 alleges that they posted flyers outside a restaurant that Vogel frequents.  The people who performed these acts likely had citizenship in California.  Moreover, the assertions in the most recent motion to extend time, DN 7, shows that Vogel believes that the anonymous individuals responsible for allegedly defaming him include a California political operative named Trujillo, *id.* at 8-9, Californians who filed a lawsuit containing allegedly defamatory statements, *id.* at 7, 9, people who delivered allegedly defamatory flyers to an office in Northridge California and at a mailbox service in the areas, *id.* at 9,  former tenants at his Los Angeles rental property, *id.* at 11-12, certain current tenants in a property on Bronson Avenue in Los Angeles. *id.* at  page 12, certain California private investigators, *id.* at 13, a Board member of a Los Angeles community group and a California real estate company, *id. at* 14-15, and a California lawyer with the firm of Sheppard Mullin.  *Id.* at 16.  Each of these assertions suggests that the Doe defendants in this case are California citizens.[2]  Diversity is therefore lacking.

In addition, the complaint does not sufficiently allege that the Court has personal jurisdiction of the Doe defendants.  The complaint acknowledges that Vogel is a California resident, DN ¶ 1.  Consequently, it is in California that the brunt of the alleged tortious actions would be felt and that is the most likely place for personal jurisdiction to be established.  As the D.C. Circuit has repeatedly held, the District of Columbia does not extend its personal jurisdiction over defamation claims to

---

[2]Filing in federal rather than state court, and in D.C. rather than California, may represent plaintiff's effort to shop for a forum where his claims will not be exposed to dismissal under an anti-SLAPP law: The D.C. Circuit held in *Abbas v. Foreign Policy Grp.*, 783 F.3d 1328, 1333–37 (D.C. Cir. 2015), that D.C.'s anti-SLAPP law cannot be applies in diversity cases in federal court under the *Erie* doctrine.  The Ninth Circuit has held that California's anti-SLAPP law does apply to diversity cases. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999).

the outer limits of the Due Process Clause. *Forras v. Rauf*, 812 F.3d 1102, 1108 (D.C. Cir. 2016)*,

citing  McFarlane v. Esquire Magazine*, 74 F.3d 1296 (D.C. Cir. 1996), *Crane v. Carr*, 814 F.2d

758, 762 (D.C. Cir. 1987), and  *Moncrief v. Lexington Herald–Leader Co.*, 807 F.2d 217, 221 (D.C.

Cir. 1986). To justify suing in his forum, plaintiff must both allege and show that the allegedly

tortious statements referred to his activities in the District of Columbia and were directed to readers

in the District of Columbia.  *Forras*, 812 F.3d at 1108 (D.C. Cir. 2016).  Even in jurisdictions that

do extend defamation personal jurisdiction to the limits of the Due Process Clause, the plaintiff must

show that speakers knew that the plaintiff would bear the brunt of his injury in the forum, *Revell v.

Lidov*, 317 F.3d 467, 475 (5th Cir. 2002), that the forum was the focus of the defamation and that

the defamation was directed to readers in the forum.  *Young v. New Haven Advocate*, 315 F.3d 256,

263 (4th Cir. 2002).

Here, however, the complaint makes at best passing references to Vogel's properties in the

District, but never alleges that false statements have been made about his maintenance of those

properties, or that there was a trespass onto any DC property.  And the very detailed account in

Docket Item 7 of alleged defamation and its propagators, and identifying the intended defendants in

this case, as described in the foregoing paragraph, makes clear that this is a lawsuit against

Californians for an alleged defamation campaign conducted in California.  Moreover, a showing in

support of jurisdiction must be made **before** plaintiff pursues discovery from third-party witnesses

to identify Doe defendants. *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014).

This case belongs in a California court.

Finally, plaintiff's motion for leave to take early discovery, filed in December along with his

second request for an extension of time, contained the following passage about precedent governing

the circumstances in which discovery may be used to identify alleged anonymous defamers:

> [T]he Doe Defendants have a limited First Amendment right to anonymity. *See Hard Drive Prods.*, 892 F. Supp.2d at 338 (D.D.C. 2012) (citing, *inter alia*, *Call of the Wild Movie, LLC*, 770 F. Supp.2d at 348-49). However, given that the speech is defamatory it is entitled to no constitutional protections. *Solers [Inc. v. Doe]*, 977 A.2d [941,] 951 [D.C. 2009]. Further, the Doe Defendants were engaged in commercial speech, as they were criticizing Plaintiffs real estate business.

> DN 5, at 5-6. (punctuation corrected).

*Solers v. Doe* did **not** say, as plaintiff suggests, that a mere allegation that the defendant made defamatory statements is enough to deprive defendant of the First Amendment right to speak anonymously. *Solers* **held** that a plaintiff seeking discovery to identify an anonymous defendant whom plaintiff charges with defamation must produce admissible evidence supporting the defamation claim before obtaining such discovery. 977 A.2d at 954-956. The state courts in California apply the same test. *Krinsky v. Doe 6*, 159 Cal. App.4th 115, 472 Cal. Rptr.3d 231 (Cal. App. 2008). Moreover, the fact that speech criticizes a real estate business does not make it commercial speech that deprives it of full First Amendment protection. *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971). *See also Bose Corp. v. Consumers Union of U.S.*, 466 U.S. 485 (1984) (providing full First Amendment protection to defendant's criticism of plaintiff's speakers); *Solers*, *supra* (providing full protection to anonymous defendant who accused plaintiff software firm of copyright infringement).[3]

### CONCLUSION

The Court should deny plaintiff any further time to seek discovery to identify possible

---

[3]The D.C. Circuit in *AF Holdings* took a far more skeptical view of early discovery to identify anonymous defendants than did the district court decisions that Vogel cited in his December motion for leave to pursue early discovery.

defendants, and should dismiss this case for lack of jurisdiction.

Respectfully submitted,

  /s/   Paul Alan Levy
Paul Alan Levy (DC Bar 946400)

 Public Citizen Litigation Group
 1600 20th Street NW
 Washington, D.C. 20009
 (202) 588-1000
 plevy@citizen.org

 Attorney for Freedman + Taitelman LLP

April 3, 2017

-9-