UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JASON VOGEL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:16-cv-01598-APM |
| v. | ) | |
| | ) | |
| THE GO DADDY GROUP, INC. | ) | The Honorable Amit Mehta |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOES 1 through 4 | ) | |
| Unknown individuals | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION TO AMEND THE COMPLAINT
AND TO VOLUNTARILY DISMISS DEFENDANT GO DADDY**

Comes now the Plaintiff, Jason Vogel, and pursuant to Fed. R. Civ. P. 15 (a)(2) and

LCvR 7(i) and 15.1, hereby moves for leave of the Court to amend his Complaint and, pursuant

to Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss The Go Daddy Group, Inc. ("GoDaddy"). A

Proposed Amended Complaint with Exhibits is attached. Plaintiff believes that this Motion will

address the Court's concerns regarding jurisdiction. The material changes to the Amended

Complaint are as follows:

1. The Amended Complaint does not name GoDaddy as a Defendant.

2. The Amended Complaint adds diversity addresses for John Does #1, #2, #3, and #4

   establishes by IP addresses which establishes them as residents of different states than

   California, where the Plaintiff resides.

1

3.  The Amended Complaint goes into additional detail about how the Defendants purposely availed themselves of the District of Columbia by trespassing on the Plaintiff's properties in Washington, DC and in their vicious defamation campaign specifically directed at causing substantial damage to the Plaintiff here in the District of Columbia.

4.  The Amended Complaint removes Count VI for a Preliminary and Permanent Injunction, and asks for said injunctions in the form of relief.

As grounds therefore, Plaintiff states as follows:

## APPLICABLE LEGAL STANDARDS

### Voluntary Dismissal of Defendants

Under the Federal Rules of Civil Procedure, Rule 41 (a)(1)(A)(i) "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . ."

### Amendment of Pleadings

Rule 45 of the Federal Rules of Civil Procedure governs the amendment of pleadings. Under the rules a plaintiff has a right to amend its pleading "within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  In cases that fall outside the applicable 21 day window, the plaintiff must either seek the consent of the opposing party or of the Court.  Fed. R. Civ. P. 15(a)(2). Notably, "[t]he court should freely give leave when justice so requires."  Id.

The District of Columbia Circuit has held that "[a]lthough the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir.

1996).  Appropriate justifications include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

Local Rule 15.1 of the District Court for the District of Columbia requires that a motion to amend the Complaint be accompanied by a copy of the proposed amended complaint.

## PROCEDURAL HISTORY

The Plaintiff is a California resident.  He was victimized by a vicious, very personal, high cost professionally managed hit campaign designed to harm him, his reputation and his business. In order to do this, the Defendants, either personally or through their agents and co-conspirators, acting in California, New Mexico and Washington, DC, trespassed upon the Plaintiff's properties, took pictures in a false light about his properties, and actively used those pictures in a misleading way to defame and injure him.  Facts surrounding the allegations are set forth in greater particularity in the Proposed Amended Complaint.

The Plaintiff filed a Complaint in the U.S. District Court for the District of Columbia, alleging, *inter alia*, Count I – Defamation; Count II - Tortious Interference with Business Relations; Count III – False Light; Count IV – Intentional Infliction of Emotional Distress; Count V – Trespass; Count VI – Preliminary and Permanent Injunction.   Relief sought included, *inter alia*, declaratory relief that GoDaddy transfer full control of TheRealJasonVogel.com to the

3

Plaintiff.  The complaint also sought other declaratory relief and a monetary judgment against the Defendants Doe.

## ARGUMENT

### Under Fed. R. Civ. P. 41 Plaintiff is Permitted to Unilaterally Dismiss a Defendant If No Responsive Pleading Has Been Filed

Plaintiff seeks to exercise his right under Federal Rules of Civil Procedure, Rule 41(a) to voluntarily dismiss Defendant GoDaddy from the case.  Defendant GoDaddy has not filed a responsive pleading.  As such Plaintiff may unilaterally dismiss it as a defendant.

Defendant GoDaddy is an Arizona corporation in the business of domain registration. Defendants used GoDaddy to register the domain name therealjasonvogel.com.  In doing so, a John Doe created the false name "Jason Vowel", and using a fictitious address and a pre-paid VISA card purchased the domain which they then used to create a web site which defames the Plaintiff.

 GoDaddy's customers agree to certain GoDaddy Legal Agreements and Policies when they use GoDaddy's services, including an agreement to provide GoDaddy with accurate account data.  GoDaddy also informs its customers that it will comply with court orders against its customers and/or the customers' domain names and that it is free to transfer ownership of a domain name pursuant to a court order or for any other reason.

Given that GoDaddy can act without its customer's consent in transferring the URL pursuant to a court order, the Plaintiff believed that GoDaddy was an appropriate defendant. After all, GoDaddy is an entity whose interests in the URL are affected by the instant proceeding.  That said, by agreement between the Plaintiff and GoDaddy, the Plaintiff has agreed to dismiss GoDaddy as a Defendant.  GoDaddy has stated that it does not need to be a defendant in order to protect its interests in the URL and indeed that it cannot be a Defendant in this

proceeding due to the Communication Decency Act.  GoDaddy also made the determination that it will comply with and not oppose an Order from this Court which directs the Defendants to transfer the URL TheRealJasonVogel.com to the Plaintiff.  Accordingly, the proposed Amended Complaint removes GoDaddy as a defendant.

**There is No Sufficient Reason to Deny Plaintiff's Motion to Amend the Complaint**

In the case at bar, there have been no previous motions to amend the Complaint.  Nor is there any opposing party other than GoDaddy, who is being dismissed.  Therefore, there is no prejudice to anyone.  The case is at an early stage in the litigation.  The Plaintiff has made a concerted effort to discover the identities of the persons who wickedly defamed him.  That the Plaintiff has not been able to identify the Defendants by name only speaks to the great lengths that the Defendants went to hide themselves from being identified and held to accountant for the damage that they caused.  The Amended Complaint clarifies the jurisdictional diversity and personal jurisdiction facts.

**The Amended Complaint Addresses the Court's Jurisdictional Questions**

On April 3, 2017, Public Citizen filed a Proposed Amicus Brief of Friedman [sic] + Taitelman LLP In Opposition to Motion for Extension of Time and Suggesting Dismissal for Lack of Jurisdiction in the underlying case.  Putting aside the fact that that such a brief is procedurally improper because no motion is pending, and while still reserving his right to raise substantive oppositions if the Court grants the Motion to file an Amicus Brief (which he hopes the Amended Complaint renders moot), the Proposed Amicus Brief raised a number of questions about the underlying jurisdiction in this case.  In response, the Court stayed early discovery in

the case and asked Plaintiff for a brief addressing jurisdiction.  Plaintiff can establish that the Court has both subject matter and personal jurisdiction over the Defendants.  He files this Motion to Amend the Complaint and Proposed Amended Complaint to add additional information about the Defendants he learned during discovery, and to set forth in greater detail allegations concerning the substantial harm that the Defendants wrought on the Plaintiff in the District of Columbia by the Defendants conduct in the District of Columbia.

### Diversity

The Proposed Amicus Brief attacks Plaintiff's Complaint on the grounds of subject matter jurisdiction.  It contends "that a diversity claim cannot be brought against Doe defendants . . . . As Judge Bates said in *Sinclair,* 'The law is clear . . .that a diversity action cannot be brought against Doe defendants in hopes of later discovering that the requisite diversity of citizenship actually exists.'"  (Proposed Amicus Br. 5.) (internal citations omitted).

Plaintiff agrees with Public Citizen to some extent but contends that this is an incomplete explication of the law.  It is true that in cases where the Plaintiff has no identifying information for the John Doe(s) that a John Doe may never serve as a basis for diversity.  In both of the cases the Proposed Amicus Brief cites from this jurisdiction, *Sinclair v. TubesockTedD* and *Meng v. Schwartz* the Plaintiffs had alleged sufficient diversity based on John Doe Defendants with no evidence of their citizenship.[1] 596 F. Supp.2d 128, 133 (D.D.C. 2009); 305 F. Supp.2d 49 (D.D.C. 2004).  However, this Court has said that an IP address may serve as a sufficient basis for determining the citizenship of a John Doe Defendant.  *See AF Holdings, LLC v. Does 1-1058*,

---

[1] The Proposed Amicus Brief also cited an additional case from the District of Columbia entitled *Menzies v. Doe*.  194 F.3d 174 (D.C. Cir. 1999) (mem.).  The case is an unpublished memorandum opinion and Plaintiff has no access to the decision.  Rule 32.1 of the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit dictates that "[u]npublished orders or judgments of this court, including explanatory memoranda and sealed dispositions, entered before January 1, 2002, are not to be cited as precedent."

752 F.3d 990, 996 (D.C. Cir. 2014); *Malibu Media, LLC v. John Doe*, No. 16-00639 (D.D.C. Apr. 27, 2016); *Nu Image, Inc v. 1-23,322*, 799 F.Supp.2d 34, 41 (D.D.C. 2011).  In *Malibu Media* this Court stated, "[t]he use of geolocation technology, which enables anyone to estimate the location of internet users based on their IP addresses, suffices to provide at least some basis for determining whether a particular subscriber might live in the District of Columbia."  No. 16-00639, 4 (D.D.C. Apr. 27, 2016) (internal citations omitted).  While these cases deal with personal jurisdiction, it is only logical that an IP address which is sufficient evidence for purposes of personal jurisdiction should also be sufficient evidence of residence for diversity jurisdiction.

### Personal Jurisdiction

The Proposed Amicus Brief also attacks Plaintiff's Complaint on the grounds of personal jurisdiction.  Washington, DC has a long-arm Statute which is found in D.C. Code §13-423.  The statute provides that "[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . causing tortious injury in the District of Columbia by an act or omission in the District of Columbia."  D.C. Code §13-423(a)(3).

The Amended Complaint alleges that Does #1-#4 personally or through others acting as agents in concert with them, physically came to Washington, DC in order to advance their tortious behavior against the Plaintiff.  Specifically, they visited the Plaintiff's properties, trespassed upon his land; took pictures of the properties in a false light and then posted those pictures online.  They also specifically targeted his Washington, DC businesses.

The Plaintiff is a DC native.  He was born in Washington, DC.  He co-owns a real estate property management company located in Washington, DC.  A significant part of his self-earned real estate rental properties are located here in Washington, DC.

The Defendants engaged in a vicious and very personal defamation campaign designed to inflict the maximum amount of damage to the Plaintiff in his hometown of Washington, DC.  The defendants specifically targeted the Tweets to individuals located in Washington, DC, as opposed to the general population at large.  For example, they specifically addressed defamatory Tweets about the Plaintiff to the George Washington Urban League, located in Washington, DC; Housing Advocacy Team, located in Washington, DC; Housing Advisory Group, located in Washington, DC; the Department of Housing and Urban Development, in Washington, DC; and AirBnB, a service that the Plaintiff uses in Washington, DC to rent apartments.  The Defendants secured Washington, DC Tweet followers to receive their targeted defamatory posts, including @SocialInDC; @PatKellyDC; @DC-Assemblers; @KnowYourFitness (Know Your Fitness DC); and @VincentGray2016, a current DC City Councilmember and former Washington, DC mayor.  The Twitter account also directed viewers to the website, which has an entire section devoted to Plaintiff's District of Columbia properties.  This was not random.  These actions by the defendants were calculated to specifically injure the Plaintiff in Washington, DC.

## DISCOVERY

GoDaddy and the Plaintiff have been in contact with each other during the pendency of the instant litigation.  GoDaddy agreed to permit the Plaintiff to conduct early discovery pursuant to Fed. R. Civ. P 26(f).  In addition, the Plaintiff sought and received from this Court permission to conduct early discovery.

The Plaintiff set forth in detail his discovery efforts to date.  In response, the Court granted the Plaintiff an Extension of Time for him to continue discovery to find the identities and addresses of the Doe defendants, who the Plaintiff now believes to live in Virginia, Texas and Illinois.  The Plaintiff's continued discovery sought to discovery, and still wishes to discover, the identities of others with whom they contend conspired with the Doe defendants to defame the Plaintiff.

No non-party is in any way prejudiced by discovery being permitted to continue in this case.  Most of the identifiable non-parties are located in California.  Under Fed R Civ P. 45(c)(2(A), the place of discovery production is in the Central District of California.  Allowing the case to proceed in this Court does not in any way inconvenience a single California non-party who can either comply in California or who can fight compliance in their local federal court by an Opposing a Motion to Compel.  The non-parties also had the option of filing a motion to quash in this Court, but none elected to do so.  Given the complete stonewalling by the large number of persons and companies against whom subpoenas duces tecum have been issued, motions to compel using the local rules for the U.S. District Court for the Central District of California will likely be the major battleground.

To the extent that the proposed intervenor's motion has not been rendered moot by the Amendments to the Complaint, the Plaintiff reserves the right to Oppose any Motion to Intervene in accordance with LCvR 7(o)(2).

**CONCLUSION**

WHEREFORE, the Plaintiff asks this Court to grant his Motion to Amend his Complaint and to Dismiss GoDaddy as a Defendant in the instant case.

9

DATED: April 17, 2017

Respectfully Submitted,

*/Kenneth A. Vogel/*
Kenneth Vogel, Esq.
DC Bar No. 413407
Bar-Adon & Vogel, PLLC
1642 R St. NW
Washington, DC 20009
TEL  (202) 332-7323
FAX (202) 332-7326
KAVogel@MetroLegalSolutions.com
Attorney for Plaintiff Jason Vogel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of April, 2017 a copy of the foregoing Motion to Amend was served upon The GoDaddy Group, Inc. electronically by e-mail.

GoDaddy Legal Department
14455 North Hayden Rd., Suite 219
Scottsdale, AZ 85260
legal@godaddy.com

*/s/ Kenneth A. Vogel*
Kenneth A. Vogel

10