UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JASON VOGEL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 16-cv-1598 (APM) |
| GO DADDY GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Before the court is Plaintiff Jason Vogel's motion for leave to amend his complaint. Plaintiff wishes to voluntarily dismiss Defendant Go Daddy Group, Inc., and to add facts that he contends suffice to establish the court's subject matter jurisdiction in a lawsuit continuing only against four unnamed "Doe" defendants. Prospective Amicus Freedman + Taitelman LLP, a Los Angeles-based law firm, received a subpoena from Plaintiff as part of Plaintiff's efforts at early, jurisdictional discovery. It argues in proposed amicus briefs that it need not comply with that subpoena because this court lacks jurisdiction over Plaintiff's lawsuit.

For the reasons that follow, the court concludes allowing Plaintiff leave to amend would be futile because his proposed amended complaint does not plausibly allege that this court has subject matter jurisdiction. Accordingly, the court denies Plaintiff leave to amend, denies as moot Freedman + Taitelman LLP's motions for leave to file as amicus curiae, and dismisses the case.

### I.      BACKGROUND

Plaintiff filed suit in this court on August 5, 2016, seeking relief under state law against The Go Daddy Group, Inc. ("GoDaddy"), and four unnamed defendants ("the Doe Defendants").

*See* Compl., ECF No. 1 [hereinafter Compl.]. According to Plaintiff's Complaint, Plaintiff is a citizen of California who owns and manages real estate in Washington, D.C., New Mexico, and California. *Id.* ¶ 1. In early 2016, the four Doe Defendants purportedly created a website called "www.TheRealJasonVogel.com," hosted by GoDaddy, on which they anonymously posted tortious and defamatory statements about Plaintiff, including accusing him "of being a 'penny-pinching' 'slum-lord'" who evicted his tenants without cause. *See id.* ¶¶ 3, 9–10, 14–16. Additionally, on or about July 1, 2016, the Doe Defendants allegedly distributed flyers in Plaintiff's neighborhood that contained a photograph of Plaintiff and "a large heading reading 'I want to rip you off'" and directed the reader to "www.TheRealJasonVogel.com." *Id.* ¶¶ 18–19. These accusations also appeared on Twitter and Facebook, in addition to accusations that Plaintiff did not maintain or improve his properties. *See id.* ¶¶ 3–6, 21–23. Plaintiff seeks relief against the Doe Defendants for defamation, tortious interference with business relations, false light, intentional infliction of emotional distress, and trespass. *See id.* ¶¶ 26–53. Additionally, Plaintiff seeks preliminary and permanent injunctions against All Defendants that require them to remove the online statements, retract those prior statements, and prevent the Doe Defendants from posting new defamatory statements online or disseminating defamatory fliers. *See id.* at 9–10. Plaintiff claims $1 million in damages. *Id.* at 9.

      This court extended the deadline by which Plaintiff had to serve All Defendants and permitted Plaintiff to seek limited early discovery. The Complaint maintained that the court had subject matter jurisdiction over the case under the diversity statute, 28 U.S.C. § 1332(a), because Plaintiff is a resident of California and GoDaddy is incorporated in Delaware and headquartered in Arizona. *See id.* ¶¶ 1, 2, 8. Although Plaintiff could not list the Doe Defendants' places of citizenship at the time he filed the Complaint, the Complaint states that Plaintiff "intends to seek

immediate discovery from Defendant website host GoDaddy, and also from non-defendants www.Facebook.com, and www.Twitter.com to determine the identity of" each Doe Defendant. Compl. ¶¶ 3–6.  The court granted Plaintiffs' three motions for extension of time and provided Plaintiff the opportunity to conduct early discovery to learn the Doe Defendants' identities. *See* Order, ECF No. 8; Order, ECF No. 6; Minute Order, Nov. 4, 2016.

Plaintiff's early discovery efforts prompted the present inquiry into whether the court has jurisdiction to hear this case.  After receiving a subpoena from Plaintiff, the law firm of Freedman + Taitelman LLP ("Prospective Amicus") filed a motion for leave to proceed as amicus curiae, opposing the court's continued extensions of time for Plaintiff to serve the Doe Defendants on the ground that the court lacks jurisdiction over the case.  Prospective Amicus's brief asserts that this court lacks subject matter jurisdiction because Plaintiff's Complaint does not allege complete diversity amongst the parties; GoDaddy purportedly is immune from suit, and diversity jurisdiction does not exist when the only remaining defendants are the unnamed Doe Defendants.  *See* Mot. for Leave to File as Amicus Curiae, ECF No. 9, Proposed Amicus Br., ECF No. 9-2, at 4–6.  Even if complete diversity exists, the brief concludes, the court lacks personal jurisdiction over the Doe Defendants based on the limited factual allegations in the Complaint.  *Id.* at 6–8.

The court did not rule on Prospective Amicus's Motion but stayed discovery and directed Plaintiff to file a brief that addressed the court's jurisdiction.  Order, ECF No. 11.  Plaintiff responded to the court's Order by seeking leave to amend his Complaint.  Plaintiff's proposed amendment voluntarily dismisses GoDaddy from the suit and states that each Doe Defendant "is believed to be a resident of" either Virginia, Texas, or Illinois, based on IP addresses Plaintiff uncovered during early discovery.  *See* Pl.'s Mot. for Leave to Am. Compl., ECF No. 12

[hereinafter Pl.'s Mot. for Leave to Am.], Am. Compl., ECF No. 12-2 [hereinafter Am. Compl.], ¶¶ 3–6, 29–32.

Prospective Amicus then filed a second motion for leave to proceed as amicus curiae, opposing Plaintiff's Motion and the continuation of the case. This Second Motion renews the arguments raised in Prospective Amicus's original Motion and contends that Plaintiff's reliance on IP addresses does not demonstrate the court has jurisdiction. *See* Second Mot. for Leave to File as Amicus Curiae, ECF No. 13, Second Proposed Amicus Br., ECF No. 13-1 [hereinafter Second Proposed Amicus Br.], at 3–9. Specifically, Prospective Amicus highlights that an IP address can provide evidence of an Internet user's physical location, but that data is not equivalent to evidence of "citizenship." *Id.* at 4–5. Moreover, according to Prospective Amicus, the court lacks personal jurisdiction over the Doe Defendants because the IP addresses Plaintiff identified place the Doe Defendants outside the District of Columbia and Plaintiff has not alleged that they "regularly do[] or solicit[] business, engage[] in any other persistent course of conduct, or derive[] substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." *Id.* at 7–8 (quoting *Forras v. Rauf*, 812 F.3d 1102, 1106 (D.C. Cir. 2016)).

Plaintiff responded to the Second Amicus Brief with a filing titled "Praecipe," which asked the court to accept a "Revised Amended Complaint." The Revised Amended Complaint is substantially the same as the Amended Complaint, except that Plaintiff now alleges each Doe Defendant "is believed to be a *citizen* of" Virginia, Texas, or Illinois, based on the same IP addresses Plaintiff uncovered during early discovery. *See* Praecipe, ECF No. 14 [hereinafter Praecipe], Rev. Am. Compl., ECF No. 14-1 [hereinafter Rev. Am. Compl.], ¶¶ 3–6, 30–33 (emphasis added).

## II.    LEGAL STANDARD

At every stage in litigation, a federal court must determine that is has jurisdiction to hear the case before it. *Nat'l Mining Ass'n v. Kempthorne*, 512 F.3d 702, 706 (D.C. Cir. 2008); *Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015). "A federal court presumptively lacks jurisdiction in a proceeding until a party demonstrates that jurisdiction exists. A party must therefore affirmatively allege in its pleadings the facts showing the existence of jurisdiction, and the court must scrupulously observe the precise jurisdictional limits prescribed by Congress." *Commodity Futures Trading Comm'n v. Nahas*, 738 F.2d 487, 492 n.9 (D.C. Cir. 1984); *accord Loughlin v. United States*, 393 F.3d 155, 172 (D.C. Cir. 2004).

Subject matter jurisdiction exists if the parties in the litigation are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). A party is a citizen of the place where he or she is domiciled. *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984). Domicile, in turn, "is determined by two factors: physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." *Id.* A suit invoking a federal court's diversity jurisdiction cannot be brought solely against Doe defendants because their place of citizenship is not known. *See Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128, 132–33 (D.D.C. 2009); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004); *see also Howell by Goerdt v. Tribute Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997).

A plaintiff may amend his complaint to fix a deficiency that goes to whether the court has jurisdiction. 28 U.S.C. § 1653; *Johnson v. Panetta*, 953 F. Supp. 2d 244, 248 (D.D.C. 2013). Under Rule 15 of the Federal Rules of Civil Procedure, the plaintiff may amend his complaint once, as of right, within 21 days of when the opposing party serves its responsive pleading. Fed.

R. Civ. P. 15(a)(1)(B). Otherwise, the plaintiff may amend his complaint with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The Rules direct the court to "freely give leave [to amend] when justice so requires." *Id.*

When the only issue before the court is whether the plaintiff's proposed amended complaint would establish the court's jurisdiction, the court's resolution of the plaintiff's motion for leave to amend necessarily dovetails with its assessment of whether it actually possesses jurisdiction. If the plaintiff's proposed pleading contains statements of fact plausibly alleging that the court has jurisdiction, then the court has jurisdiction to allow Plaintiff leave to make those necessary amendments. Alternatively, if Plaintiff's proposed pleading does not plausibly allege that the court possesses jurisdiction, then the court must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3); *cf. Loughlin*, 393 F.3d at 171–72.

### III. DISCUSSION

Plaintiff could amend his initial Complaint once as a matter of right because it is a pleading to which a response is required, and no response has been filed. *See* Fed. R. Civ. P. 15(a)(1)(B). Accordingly, Plaintiff need not have sought leave of court to amend the initial Complaint; the "Amended Complaint" is the operative pleading in this matter. The court, however, treats Plaintiff's "Praecipe" as a motion for leave to amend under Rule 15(a)(2), because Plaintiff plainly filed the Praecipe and the attached Revised Amended Complaint to cure the jurisdictional pleading deficiencies asserted in Prospective Amicus' Second Motion to file an amicus brief. *Compare* Second Proposed Amicus Br. at 3–4 (arguing that the Amended Complaint lacks allegations concerning the citizenship of the Doe Defendants), *with* Praecipe at 1 (seeking to add the purported citizenship of the Doe Defendants). Accordingly, the question before the court is whether to grant

the Praecipe, i.e., Plaintiff's motion for leave to amend, and accept the Revised Amended Complaint as the operative pleading in this matter.

Plaintiff's Revised Amended Complaint asserts subject matter jurisdiction based on diversity. The following statements encompass the whole of Plaintiff's factual allegations addressing the court's diversity jurisdiction:

> 1. Jason G. Vogel (hereinafter "Plaintiff") is an individual who resides in Laguna Beach, California. The Plaintiff is a citizen of California. He is a native of Washington, DC. He has family in the DC metropolitan area.
>
>    . . . .
>
> 3. Defendant John Doe 1 is believed to be a citizen of Virginia, living in or near Herndon, VA, near Washington, DC.
>
> 4. Defendant John Doe 2 is believed to be a citizen of San Antonio, Texas.
>
> 5. Defendant John Doe 3 is believed to be a citizen of El Paso, Texas.
>
> 6. Defendant John Doe 4 is believed to be a citizen of Illinois, living in or near Chicago or Naperville, which is a suburb of Chicago.
>
>    . . . .
>
> 9. This Court also has subject matter jurisdiction because the amount in controversy exceeds $75,000 exclusive of interest and costs, and the controversy is between citizens of different states, per 28 U.S.C. § 1332(a)(1).
>
>    . . . .
>
> 29. A web site called NextDoor is designed to facilitate interactions and discussions of interest to members of the local community. A person who self-identified herself as Sally Forsythe joined two NextDoor communities in proximity to the Plaintiff's property in Los Angeles. Sally Forsythe may be her real name. It is also possible that Sally Forsythe is an alias for someone else. The reason that the Plaintiff questions the real name of Sally Forsythe is because she signed up for two separate Nextdoor [sic] accounts using two different home addresses. NextDoor

7

       has no records that they actually verified Sally Forsythe's address. In one case, the physical address does not exist. For the other NextDoor account, the listed address is a post office.

30. Sally Forsythe e-mailed derogatory information about the Plaintiff to the Los Angeles City Government. Internet Protocol (IP) addresses obtained though discovery indicate that Ms. Forsythe lives in or around Herndon, Virginia, a suburb of Washington, D.C.

31. The Plaintiff has reason to suspect that John Doe 1 may be named Sally Forsythe. However, the Plaintiff does not yet have proof to support his suspicion. Early discovery is required to obtain more information regarding the specific location in Herndon, VA where Sally Forsythe, or the person who is using the name Sally Forsythe, resides.

32. IP addresses indicate that Doe 2 lives in San Antonio, Texas; Doe 3 lives in El Paso, Texas and Doe 3 lives in Chicago, Illinois or in nearby Naperville, Illinois.

    . . . .

Rev. Am. Compl. ¶¶ 1, 3–6, 9, 29–32. These paragraphs make plain that Plaintiff "believes" the Doe Defendants to be residents of Virginia, Texas, and Illinois, respectively, based solely on IP addresses he obtained during early discovery. *See id.* ¶¶ 30, 32. The Doe Defendants are the only parties that remain in the amended pleading. As such, the Revised Amended Complaint alleges Plaintiff and the Doe Defendants are completely diverse parties because no defendant is affiliated with an IP address in California. *See Strawbridge*, 7 U.S. (3 Cranch) at 267.

      The Revised Amended Complaint does not, however, plausibly allege that the court has diversity jurisdiction because it does not aver sufficient facts to establish the Doe Defendants' places of citizenship. A suit invoking a federal court's diversity jurisdiction cannot, as here, be brought solely against Doe defendants because their place of citizenship is not known. *See Sinclair*, 596 F. Supp. 2d at 132–33; *Meng*, 305 F. Supp. 2d at 55; *see also Howell by Goerdt*, 106 F.3d at 218. Plaintiff does not dispute that jurisdictional principle. *See* Pl.'s Mot. for Leave at 6.

Instead, he submits that the IP addresses he has acquired for each Doe Defendant, and the corresponding geolocation information those IP addresses contain, is sufficient evidence to establish diversity jurisdiction. *See id.* That argument is unpersuasive. As the D.C. Circuit recently explained, an IP address provides some geolocation information, but not as to a particular person:

> Every device connected to the Internet and every web page on the Internet is identified by an IP address. The IP address appears as a string of numbers separated by periods, for example, "100.200.123.234." It identifies the location, i.e., a particular computer-to-network connection of an end-user's computer and also serves as the routing address for requests to view a web page.

*Weinstein v. Islamic Republic of Iran*, 831 F.3d 470, 473 (D.C. Cir. 2016) (alteration adopted) (citation and internal quotation marks omitted). In other words, an IP address pinpoints the location of a computer; it does not pinpoint a particular computer *user*. Many people can, and do, use the same computer—e.g., public library computers. Even assuming, as Plaintiff does, that the IP addresses he found plausibly allege the locations of specific computer *users*, as opposed to the computers used to commit the alleged tortious acts, those IP addresses still provide no information regarding the user's intent to remain in the location affiliated with the IP address. In order to establish each Doe Defendant's place of citizenship, Plaintiff must provide plausible factual allegations concerning not only each Doe Defendant's presence in a particular state, but also his or her intent to remain there. *See Prakash*, 727 F.2d at 1180. Reliance an IP address alone cannot establish such intent. Accordingly, because the Revised Amended Complaint alleges, at most, that the Doe Defendants were present in the states of Virginia, Illinois, and Texas on a particular day,

9

the court concludes Plaintiff has not plausibly alleged whether the Doe Defendants are citizens of states other than California.[1]

Although Plaintiff argues that through continued early discovery he can gather additional evidence to identify the Doe Defendants' places of citizenship, that argument does not save Plaintiff's Revised Amended Complaint. Indeed, as another member of this Court wrote, "a diversity action cannot be brought against Doe defendants in hopes of later discovering that the requisite diversity of citizenship actually exists." *Sinclair*, 596 F. Supp. 2d at 132–33. Here, the court originally could allow Plaintiff to take early discovery because GoDaddy's presence as a defendant created diversity jurisdiction. Now, however, given Plaintiff's dismissal of GoDaddy, this court lacks subject matter jurisdiction over this case, and Plaintiff cannot continue to use the tools of discovery otherwise available to a plaintiff properly in federal court to uncover the requisite jurisdictional facts. *See id.* at 134.

For this reason, the court denies as futile Plaintiff's Praecipe requesting leave to file his Revised Amended Complaint and dismisses the case for want of jurisdiction.

---

[1] The cases Plaintiff cited in his first motion for leave to amend—*Malibu Media, LLC v. John Doe*, No. 16-639, 2016 WL 1698263 (D.D.C. Apr. 27, 2016), and *Nu Image, Inc. v. 1-23,322*, 799 F. Supp. 2d 34 (D.D.C. 2011)—do not compel a different result. *See* Pl.'s Mot. for Leave to Am. at 7. In each case, the court's subject matter jurisdiction was premised on federal question jurisdiction and only its *personal* jurisdiction was at issue. *See Malibu Media*, 2016 WL 1698263, at *1; *Nu Image, Inc.*, 799 F. Supp. at 36. In that context, those courts found that an IP address suffices to provide "some basis" or a "good faith basis" to believe that a John Doe resides in the District of Columbia and the District Court for the District of Columbia may exercise personal jurisdiction over the unnamed defendant. *Malibu Media*, No. 2016 WL 1698263, at *2; *accord Nu Image, Inc.*, 799 F. Supp. 2d at 41. Here, on the other hand, the court's subject matter jurisdiction is premised on diversity and is at issue—an entirely different context in which the court must evaluate the evidentiary value of an IP address. Merely offering "some basis" of each John Doe's citizenship does not satisfy Plaintiff's burden to establish subject matter jurisdiction.

## IV. CONCLUSION

In light of the foregoing, the court concludes it lacks subject matter jurisdiction and dismisses the case without prejudice.  A separate Order accompanies this Memorandum Opinion.

Dated: July 19, 2017

Amit P. Mehta
United States District Judge